# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**EDWARD R. SHARPE,**

       **Plaintiff,**

**v.**                                        **Case No:  6:11-cv-1962-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

_____

## MEMORANDUM OF DECISION

Edward E. Sharpe (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for benefits. R. 1-3.  Claimant argues that the Administrative Law Judge (the "ALJ") erred by: 1) rejecting Dr. Jonathan Greenberg's medical opinions without providing good cause; 2) failing to assign weight to Dr. Edwin Villalobos' opinions or provide good cause for overlooking Dr. Villalobos' opinions; 3) finding that Claimant could perform his past-relevant work without testimony from a vocational expert on the subject; and 4) determining that Claimant's residual functional capacity ("RFC") is a full range of light work, as defined in 20 C.F.R. 404.1567(b).  Doc. No. 18 at 8-19.  For the reasons set forth below, it is recommended that the Commissioner's final decision be **REVERSED** and **REMANDED** for further proceedings.

## I.     STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant

evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied). The District Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004).

## II.   ANALYSIS.

### A. Dr. Greenberg.

Claimant argues that the ALJ failed to provide good cause for rejecting Dr. Greenberg's opinions. Doc. No. 18 at 17-19. Conversely, the Commissioner argues that the ALJ provided good cause for rejecting Dr. Greenberg's opinions and that the ALJ's determination regarding Dr. Greenberg's opinions was supported by substantial evidence. Doc. No. 19 at 10-15.

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential evaluation process for determining disability. The Eleventh Circuit recently clarified the standard the Commissioner is required to utilize when considering medical opinion evidence. In *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178-79 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it *and the reasons therefor. Id.* (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).

Absent good cause, the opinion of a treating physician must be accorded substantial or considerable weight. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988).

> Good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."

*Johnson v. Barnhart*, 138 F. App'x. 266, 269 (11th Cir. 2005) (quoting *Phillips*, 357 F.3d at 1240-41). Thus, good cause exists to give a treating physician's opinion less than substantial weight when the opinion is not bolstered by the evidence, evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's medical records.

Dr. Greenberg treated Claimant on approximately seven occasions between February 2, 2007 and November 2, 2009.  R. 467-71, 618-9.[1]  Accordingly, Dr. Greenberg qualifies as a treating physician.  *See* 20 C.F.R. § 404.1502 (defining a treating physician as the claimant's "own physician, psychologist, or other acceptable medical source who provides [the claimant], or has provided [the claimant], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant]").  Over the course of Dr. Greenberg's treatment of Claimant, Dr. Greenberg diagnosed Claimant with severe cervical spondylosis at C5-C6 and C6-C7 with foraminal narrowing bilaterally at C5-C6 and on the left side at C6-C7. R. 467, 469-71, 618-9.

On November 2, 2009, Dr. Greenberg completed a treatment note, in which he opined that Claimant is totally disabled.  R. 618.  The treatment note contained no information concerning Claimant's functional limitations.  *See* R. 618.  On November 3, 2009, Dr. Greenberg completed a form entitled "Medical Assessment of Ability To Do Work Related Activities." (the "Assessment")  R. 687-9.  In it, Dr. Greenberg opined that Claimant's cervical spondylosis, spinal stenosis, and the neck and back pain associated with these impairments limited Claimant to occasionally lifting less than ten (10) pounds, standing or walking for ten to fifteen (10 – 15) minutes at a time and one hour in an eight hour workday.  R. 687-8.  Dr. Greenberg opined that Claimant had no sitting limitations.  R. 688.  Dr. Greenberg opined that Claimant could occasionally balance and stoop, but never climb, crouch, kneel, or crawl as a result of his neck impairments.  R. 688.  Dr. Greenberg opined that Claimant's neck and back impairments affected his ability to reach, push, and pull.  R. 688.  With respect to environmental restrictions, Dr.

---

[1] The record contains evidence that Dr. Greenberg has treated Claimant since 2004.  In particular, there are numerous records from 2004 indicating that Dr. Greenberg was a referring physician.  R. 242-273.  However, the record does not contain any treatment notes from Dr. Greenberg predating February 2, 2007.

Greenberg opined that Claimant's neck and back impairments preclude him from being exposed to heights, moving machinery, noise, and vibration. R. 688-9. Finally, Dr. Greenberg indicated that the Claimant is on methadone for chronic pain, and has worsened memory as a result of a colloid cyst on his brain, which "may affect his concentration." R. 689.

At step two, the ALJ found, in relevant part, that Claimant suffers from the following severe impairments: status post cervical surgery in 1990; mild spinal stenosis at C5-C6; degenerative disc disease, and residual neck pain. R. 13. The ALJ's decision contains a thorough discussion of Claimant's neck and back impairments, including discussion of several of Dr. Greenberg's treatment notes. R. 15-17. In particular, the ALJ discussed Dr. Greenberg's November 2, 2009 treatment note and November 3, 2009 Assessment. R. 17. With respect to the November 2, 2009 treatment note, the ALJ's decision reads:

> On November 2, 2009, Dr. Greenburg [sic] provided a medical source statement indicating the claimant's work status was "totally disabled." The undersigned assigns no weight to this opinion or finding. A statement by a medical source that the claimant is "disabled" or "unable to work" does not mean that the undersigned will determine that the claimant is disabled. The undersigned is responsible for making the determination or decision about whether the claimant meets that statutory definition of disability. 20 CFR 404.1527(e)(1). In addition, after reviewing all of the medical findings and other evidence, there was no such evidence to support Dr. Greenburg's [sic] statement that the claimant is unable to work. After all, Dr. Greenburg [sic] indicated the claimant would be able to continue with cervical traction for pain relief. (Exhibit 17F).

R. 17. With respect to the Assessment, the ALJ's decision reads:

> On November 3, 2009, Dr. Greenburg [sic] provided an additional medical source statement indicating the claimant's residual functional capacity was essentially sedentary. Dr. Greenburg [sic] indicated the claimant was taking Methadone for chronic pain and indicated the claimant has worsened memory as a result of this medication. Dr. Greenburg [sic] also indicated that the medication may affect his concentration. (Exhibit 22F).

R. 17.[2]   After discussing the November 2, 2009 treatment note and the November 3, 2009

Assessment, the ALJ proceeded to address the opinions contained therein, stating as follows:

> As for the opinion evidence, the undersigned rejects Dr.
> Greenburg's [sic] statement that the claimant is totally disabled
> and rejects Dr. Greenburg's [sic] indications that the claimant has
> memory problems.   A statement by a medical source that the
> claimant is "disabled" or "unable to work" does not mean that the
> undersigned will determine that the claimant is disabled.  20 CFR
> 404.1527(e)(1).   In addition, after reviewing all of the medical
> findings and other evidence, there was no such evidence to support
> Greenburg's [sic] statement that the claimant would have memory
> or concentration problems.   This is supported by Dr. Graham's
> psychological evaluation finding no evidence of tangential or
> circumstantial thinking or problems with memory.  The claimant
> could count backward without error, he could recall six digits
> forward and four digits backwards.  He would say the alphabet.
> He was able to relate information in a rational, coherent, and
> sequential fashion. (Exhibit 14F).

R. 17-18.

Although Claimant argues that the ALJ failed to provide good cause for rejecting Dr.

Greenberg's opinions, the Court's review of this argument reveals that the ALJ failed to assign

weight to all of Dr. Greenberg's opinions.   In rejecting Dr. Greenberg's opinions, the ALJ only

discussed Dr. Greenberg's opinion that Claimant was totally disabled, which appears in his

November 2, 2009 treatment note, and Dr. Greenberg's opinion that Claimant's memory and

concentration are diminished, which appears in the November 3, 2009 Assessment.   R. 17-18.[3]

---

[2] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like
docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain
amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and
standing are required occasionally and other sedentary criteria are met."   20 C.F.R. § 416.967(a).   The
Commissioner acknowledges that Dr. Greenberg's Assessment indicates Claimant can "not perform a full range of
sedentary work[.]"  Doc. No. 19 at 11-12.

[3] The Claimant argues that the ALJ erred when he did not contact Dr. Greenberg to clarify his opinion that Claimant
was totally disabled.  Doc. No. 18 at 17.  The ALJ only needs to contact or re-contact a physician if he or she cannot
ascertain the basis of the physician's opinion.  *See Shaw v. Astrue*, 392 F.App'x 684 at 688 (11th Cir. 2010) (citing
20 C.F.R. § 404.1512(e)(1); SSR 96-5p).  Here, the ALJ could have ascertained the basis of Dr. Greenberg's opinion

The ALJ's decision, however, is silent as to the weight accorded to Dr. Greenberg's opinion concerning the Claimant's RFC.  The ALJ acknowledged that Dr. Greenberg's November 3, 2009 Assessment indicated that "claimant's residual functional capacity was essentially sedentary."  R. 17.  Given Dr. Greenberg's status as a treating physician, the ALJ was required to state with particularity the weight given to this opinion <u>and</u> the reasons therefor.  *Winschel*, 631 F.3d at 1178-79.  However, the ALJ's decision fails to state what weight, if any, was assigned to Dr. Greenberg's RFC Assessment and the reasons therefor.[4]  The ALJ's error requires reversal.  *See Wiggins v. Schweiker*, 679 F.2d 1387, 1390 (11th Cir. 1982) (remanding where the court was "unable to determine whether the ALJ applied the proper legal standard and gave the treating physician's evidence substantial or considerable weight or found good cause not to do so").[5]

### III.   CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1.  The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2.  The Clerk is directed to enter judgment for Claimant and close the case.

**DONE** and **ORDERED** in Orlando, Florida on July 24, 2013.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

---

in the November 2, 2009 treatment note from the November 3, 2009 Assessment.  Accordingly, the ALJ did not need to contact Dr. Greenberg.

[4] Dr. Greenberg's opinion concerning Claimant's RFC is particularly important because it is the only one from a treating physician.

[5] The Court finds this issue dispositive and does not address Claimant's remaining arguments.  While the Court will not address the merits of Claimant's remaining arguments, it notes that the ALJ mischaracterized the vocational expert's (the "VE") testimony during the hearing.  The ALJ's decision states that he asked the VE whether a hypothetical person similar to Claimant could perform his past-relevant work.  R. 18.  However, review of the hearing transcript reveals that the ALJ never asked the VE a hypothetical question.  *See* R. 28-32.  Instead, the VE's testimony was limited to classifying Claimant's past-relevant work.  *See* R. 28-32.

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Richard A. Culbertson
Suite E
3200 Corrine Dr
Orlando, FL 32803

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Gerald F. Murray
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Desoto Building #400
8880 Freedom Crossing
Jacksonville, FL 32256-1224